IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


Roberto PARRA RODELES,                        Civ. No. 07-1345-AA

        Plaintiff,                            OPINION AND ORDER

    v.

United States Citizenship and
Immigration Services, William
D. McNamee, Portland District
Director and Emilio Gonzalez,
Director; Department of
Homeland Security, Michael
Chertoff, Secretary; and
Department of Justice, Alberto
Gonzales, United States
Attorney General;


        Defendants.
_____

Nicole H. Nelson
Philip J. Smith
Nelson Smith, LLP
208 SW First Avenue, Suite 360
Portland, Oregon 97204
    Attorneys for plaintiff

Karin J. Immergut
James E. Cox, Jr.
United States Attorney's Office
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
    Attorneys for defendants

1    - OPINION AND ORDER

AIKEN, Judge:

In September 2007, plaintiff filed suit alleging that defendants, all sued in their official capacities, failed to adjudicate his application for naturalization within the statutorily required 120-day time frame. Plaintiff requests that this court assume jurisdiction and adjudicate his naturalization application pursuant to 8 U.S.C. § 1447(b).

Defendants move for remand of this action to the United States Citizenship & Immigration Services ("USCIS"), arguing that this court should exercise its discretion to remand the matter with instructions to determine plaintiff's application for naturalization within thirty days of remand.

## FACTUAL BACKGROUND

As alleged in his complaint, plaintiff, Roberto Parra Rodeles, is a citizen of Mexico who resides in the United States. He was admitted as a lawful permanent resident of the United States on December 1, 1990.

On July 26, 1996, plaintiff pled guilty to the unlawful possession of a firearm in Multnomah County. On May 30, 2004, plaintiff was arrested for driving under the influence.

On May 19, 2006, plaintiff filed an application for naturalization with USCIS. On October 16, 2006, plaintiff appeared at USCIS offices in Portland, Oregon, for an initial interview in relation to his application. At the interview, immigration

officials requested that plaintiff submit additional documentation regarding his 1996 conviction. Plaintiff timely submitted this information on November 13, 2006.

On September 7, 2007, plaintiff received a Notice to Appear for removal proceedings from Immigration and Customs Enforcement ("ICE"). ICE seeks removal of plaintiff based on his 1996 conviction for unlawful possession of a firearm. Removal proceedings were formally initiated when ICE filed the Notice to Appear with the immigration court on September 27, 2007.

On September 10, 2007, plaintiff filed suit requesting that this court assume jurisdiction and make a determination on his application for naturalization. Plaintiff alleges that, pursuant to 8 U.S.C. §§ 1429 and 1447(b), this court is the proper and only forum available to adjudicate his application pending removal proceedings against him.

## DISCUSSION

Plaintiff seeks *de novo* review of his application for naturalization pursuant to 8 U.S.C. § 1447(b). Under § 1447(b), a district court may assume jurisdiction over a naturalization application when USCIS has failed to adjudicate the application within 120 days after conducting an examination of the applicant. After a plaintiff applies to the district court for a hearing, the court may make a determination on the matter, or it may remand with appropriate instructions to USCIS. 8 U.S.C. § 1447(b).

3    - OPINION AND ORDER

Defendants argue that the court should exercise its discretion to remand this matter to USCIS for two reasons. First, defendants argue that Congress intended that USCIS adjudicate applications for naturalization in the first instance. Second, defendants maintain that Congress intended for removal proceedings to take precedence over naturalization proceedings, an intent that would be frustrated if this court were to adjudicate plaintiff's application for naturalization while removal proceedings are pending against him.

Until 1990, United States district courts were vested with exclusive jurisdiction to adjudicate naturalization applications and to naturalize aliens as citizens of the United States. See 8 U.S.C. §§ 1101(a)(24), 1421(a) (repealed 1991). When Congress enacted the Immigration Act of 1990 ("IMMACT"), the naturalization process ceased to be judicial in nature and became primarily an administrative procedure. Pub. L. No. 101-649, § 401, 104 Stat. 4978. Reflecting this shift, the statute now reads, "[t]he sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." 8 U.S.C. § 1421(a).

Vesting authority over naturalization proceedings with the Attorney General – and now the Secretary of the Department of Homeland Security – was intended to reduce the burden on courts and increase the speed and efficiency with which qualified applicants could obtain citizenship. United States v. Hovsepian, 359 F.3d 1144, 1163 (9th Cir. 2004). Pursuant to this streamlined

4   - OPINION AND ORDER

administrative process, USCIS is solely responsible for adjudicating naturalization applications, including conducting preliminary investigations, administering examinations, and ultimately making determinations to grant or deny citizenship to applicants. See 8 U.S.C. § 1446.

If USCIS issues an initial denial of a naturalization application, the applicant may request a hearing before a supervisory USCIS officer for purposes of administrative review. 8 C.F.R. § 336.2. District courts may assume jurisdiction to conduct *de novo* review of applications that have been denied pursuant to the administrative review process. 8 U.S.C. § 1421(c).

In this case, USCIS has not made a final determination on plaintiff's application for naturalization filed on May 19, 2006. Although plaintiff correctly posits that § 1447(b) vests jurisdiction over naturalization applications with district courts when USCIS has failed to make a determination within 120 days, the court's authority under these circumstances is discretionary, and I may remand the matter back to USCIS. Indeed, the current statutory scheme reflects congressional intent that USCIS adjudicate naturalization applications in the first instance. See De Lara Bellajaro v. Schiltgen, 378 F.3d 1042, 1046-47 (9th Cir. 2004). If plaintiff's application is ultimately denied by USCIS, plaintiff may seek the district court's jurisdiction to review the denial. 8 U.S.C. § 1421(c).

5    - OPINION AND ORDER

Notwithstanding congressional intent, plaintiff argues that remand is not appropriate here because USCIS may not adjudicate plaintiff's naturalization application while removal proceedings are pending against him. See 8 U.S.C. § 1429 ("[N]o application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest . . . ."). Plaintiff argues that while § 1429 restricts the jurisdiction of USCIS in such situations, it does not similarly limit the jurisdiction of district courts under § 1447(b). Therefore, plaintiff argues that not only is this court authorized to adjudicate his naturalization application, it is the only forum available to make such a determination.

For the reasons set forth below, I find that the district court's exercise of jurisdiction over plaintiff's naturalization application is not appropriate while removal proceedings are pending against him, and I am not inclined to agree with plaintiff's argument.

First, as the Ninth Circuit Court of Appeals stated in Perdomo-Padilla v. Ashcroft, "[t]he natural reading of [§ 1429] is that removal proceedings and final removal orders are to take precedence over naturalization applications." 333 F.3d 964, 970 (9th Cir. 2003). The recognized intent of § 1429 - prioritizing removal proceedings over naturalization - would be subjugated if

district courts were to make determinations on naturalization applications while removal proceedings are pending. See also Zhai v. U.S.C.I.S., 2004 WL 1960195 (N.D. Cal. Sept. 3, 2004). I share the concern expressed by the Ninth Circuit that making naturalization determinations while removal proceedings are pending could result in an unjustifiable race between USCIS removal proceedings and district court adjudication of naturalization applications. See Bellajaro, 378 F.3d at 1045 (citing Shomberg v. United States, 348 U.S. 540, 544 (1955)).

Further, as defendants argue, the Ninth Circuit Court of Appeals has implied that remand is the appropriate action for district courts to take pursuant to § 1447(b) while removal proceedings are pending. See Hovsepian, 359 F.3d at 1165 ("Regardless of the reasons for failing to file the charging papers, the fact remains that no removal proceedings were 'pending' against [the applicants] when the district court naturalized them. Thus, § 1429 did not bar the district court from considering their naturalization applications.").

Finally, in cases where USCIS has issued an initial denial of an application for naturalization based on § 1429, the scope of district court review is limited to the reason for "such denial." Bellajaro, 378 F.3d at 1046-47; see also Zayed v. United States, 368 F.3d 902, 906 (6th Cir. 2004). Therefore, the district court may not conduct a *de novo* determination when USCIS has not issued

7   - OPINION AND ORDER

a final decision on the merits of the application due to the pendency of removal proceedings. Even though, unlike <u>Bellajaro</u>, USCIS has not denied plaintiff's naturalization application under § 1429, I am not persuaded that *de novo* review of his application is proper pending removal proceedings.

Plaintiff makes a valid point that remand with instructions to adjudicate his application for naturalization within thirty days would be futile, because USCIS cannot adjudicate his application while removal proceedings are pending against him. However, defendant argues that remand with the instruction to adjudicate within thirty days is not the only order available to this court. Alternatively, defendants request that the court instruct USCIS to make a determination on plaintiff's naturalization application after removal proceedings have concluded, an instruction this court is inclined to give under the circumstances.

For the reasons set forth above, I find that *de novo* review of plaintiff's naturalization application under § 1447(b) is not appropriate while removal proceedings have commenced and are pending under § 1429. Accordingly, I exercise my discretion to remand this matter to USCIS with instructions.

## CONCLUSION

Defendants' Motion to Remand (doc. 8) is GRANTED. This matter is remanded to the United States Citizenship & Immigration Services with instructions to adjudicate the plaintiff's application for

8   - OPINION AND ORDER

naturalization at the conclusion of plaintiff's removal proceedings.

IT IS SO ORDERED.

Dated this _/_ day of February, 2008.

*/s/ Ann Aiken*
Ann Aiken
United States District Judge

9    - OPINION AND ORDER